IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHADARRIAN GRIMES,<br><br>    Defendant. | CRIMINAL ACTION FILE<br><br>NO. 1:19-cr-142-TCB |

## **O R D E R**

This case comes before the Court on Magistrate Judge Regina D. Cannon's report and recommendation (the "R&R") [144], which recommends that Defendant Shadarrian Grimes's pro se motion [136] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and a certificate of appealability be denied. No objections have been filed.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*,

677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

Having conducted a careful and complete review of the R&R, the Court finds no clear error in its factual and legal conclusions. Accordingly, the Court adopts as its Order the R&R [144] and denies Grimes's motion [136] to vacate, set aside, or correct his sentence. A certificate of appealability is also denied.

The Clerk is directed to close the civil action, 1:21-cv-906-TCB.

IT IS SO ORDERED this 24th day of September, 2021.

_____
Timothy C. Batten, Sr.
Chief United States District Judge